IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | )<br>) |
| Plaintiff, | ) |
| vs. | ) No. 07 C 1544 |
| WENDY S. COOK | )<br>) Judge Charles P. Kocoras |
| Defendant and Counter-plaintiff | ) Magistrate Judge Maria G. Valdez<br>) |
| vs. | ) |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | )<br>) |
| Counter-defendant | ) |

**MOTION FOR ENTRY OF JUDGMENT OF FORECLOSURE AND SALE AND ORDER APPOINTING SPECIAL COMMISSIONER**

NOW COMES the Plaintiff and Counter-defendant, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, by its attorneys, KROPIK, PAPUGA & SHAW and DYKEMA GOSSETT PPLC, and moves this court for the entry of a Judgment of Foreclosure and Sale and for the entry of an Order appointing a Special Commissioner to conduct the foreclosure sale pursuant to the Judgment of foreclosure and Sale.

As grounds for this motion, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE submits the record herein and further states as follows:

1. On March 20, 2007, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE filed its Complaint to Foreclose Mortgage herein. Defendant and Counter-plaintiff, WENDY COOK, is the only defendant named in the foreclosure.

2. Defendant and Counter-plaintiff filed her answer and counterclaim denying that U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE was entitled to the entry of a Judgment of foreclosure and further seeking a declaration or adjudication that WENDY COOK owned the

1

subject real estate free and clear of the mortgage that was sought to be foreclosed.

3. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE and WENDY COOK filed cross motions for summary judgment with respect to the Complaint to Foreclose Mortgage and with respect to the Counterclaim filed by WENDY COOK.

4. On January 6, 2009 this court entered an order and Memorandum Opinion granting the motion of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE for Summary Judgment and denying the motion of WENDY COOK for Summary Judgment.

5. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE submits herewith a draft of a proposed Judgment of Foreclosure and Sale. The amounts that are due to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE that are contained in paragraph 5 of the draft judgment, other than the fees and costs of this proceeding, are supported by the affidavits filed in support of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE's motion for summary judgment.

6. The fees and costs that are itemized in paragraph 5 of the proposed judgment are supported by the affidavit of counsel for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE previously filed herein.

7. In addition to the fees and costs itemized in the proposed judgment, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE has incurred substantial additional fees and costs with respect to this litigation which U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE is entitled to recover in the event of a redemption or in the event that the foreclosure sale held pursuant to the Judgment results in a surplus of funds over and above the amounts found due in the Judgment of foreclosure and Sale.  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE requests that the issue of the amounts of said fees and costs be reserved until such

time as there is an effort to redeem or until such time as the results of the foreclosure sale are known.

8. Defendant, WENDY COOK, has filed a Motion to Reconsider and a Motion for Settlement Conference both of which are currently pending before this court.

9. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE has filed its response objecting to the Motion to Reconsider.

10. The entry of the Judgment of Foreclosure is necessary to calculate the expiration of the redemption period. Due the age of this proceeding, the redemption period in this matter is calculated from the date of the entry of the Judgment of Foreclosure and Sale (three months from the entry of the Judgment of foreclosure).

11. Prior to the disposition of the Motions for Summary Judgment in favor of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, this court conducted extensive settlement discussions. The parties were unable to reach a settlement.

12. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE objects to any further delay in the entry of the Judgment of Foreclosure pending any settlement discussions. Settlement discussions, if appropriate, can always take place after the entry of the Judgment of Foreclosure and Sale during the three month redemption period.

13. Counsel for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE and counsel for WENDY COOK have discussed the previous proposed draft of the Judgment of Foreclosure. The proposed draft Judgment of Foreclosure submitted herewith addresses many of the concerns that were raised by Counsel for WENDY COOK.

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE moves this court for the entry of a Judgment of Foreclosure and Sale and for the entry of an Order appointing a Special Commissioner to conduct the foreclosure sale.

      /S/Kenneth K. Shaw Jr.
One of the Attorneys for
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

Kenneth K. Shaw, Jr.
Stanley W. Papuga
KROPIK, PAPUGA & SHAW
Attorneys for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
120 South LaSalle Street
Chicago, Illinois 60603
Telephone: 312/236-6405

Edward S. Weil
Robert B. Groholski
B. Wayne Creel
DYKEMA GOSSETT PPLC
Attorneys for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
180 N. LaSalle, Suite 2700
Chicago, Illinois 60601
Telephone: 312/346-1300